UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROQUE ANTHONY ANDERSON, | Case No. 5:24-cv-01861-JAK-KES |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |
| SAN BERNARDINO COUNTY SHERIFF DEPARTMENT, | |
| Respondent. | |

On August 29, 2024, Broque Anthony Anderson ("Petitioner") filed a pro se Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"), challenging his state court convictions for second-degree burglary. (Dkt. 1 at 2.) The Court issues this Order to Show Cause directed to Petitioner because it appears he is no longer in custody for the convictions he is challenging, and thus the Court lacks subject-matter jurisdiction.

**I.**

**PROCEDURAL HISTORY.**

**A.    State Court Proceedings.**

On March 18, 2022, a San Bernardino County Superior Court jury in case

number FWV21003849 convicted Petitioner of two counts of second-degree burglary.  See Anderson v. San Bernardino Cnty. Sheriff Dep't, No. 5:23-cv-01173-JAK-KES (C.D. Cal. filed June 5, 2023) ("Anderson I"), Lodged Doc. ["LD"] 1 at 122-73, Dkt. 13-1 (throughout, the Court uses the pagination generated by its Case Management/Electronic Case Filing system).)[1]  On May 17, 2022, he was sentenced to county jail for two years and eight months, with credit for 437 days for time served and good conduct.  Id., LD 4 at 157-58, Dkt. 13-4.

Petitioner appealed, and on June 8, 2023, the California Court of Appeal issued an unpublished decision affirming his convictions.  See People v. Anderson, No. E079027, 2023 WL 3878405 (Cal. Ct. App. June 8, 2023).  The California Supreme Court subsequently denied his petition for review.  See Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for case no. S280456) (last visited on September 6, 2024).  Petitioner claims to have filed a petition for a writ of certiorari in the United States Supreme Court (see Dkt. 1 at 4), but no such filing is reflected in the Supreme Court's docket.  See U.S. Sup. Ct. Docket Search, https://www.supremecourt.gov/ docket/docket.aspx (search for "Broque" with "Anderson" yielding no relevant results) (last visited Sept. 6, 2024).

Petitioner was released from state custody on March 20, 2023.  Id., Dkt. 20-1, 20-2.  He does not allege that he was ordered to serve any period of parole.

**B.  Federal Court Proceedings.**

**1.  Prior Federal Habeas Petition.**

On June 5, 2023, Petitioner filed a federal habeas petition challenging his 2022 state-court convictions.  See Anderson I, Dkt. 1 at 2 (identifying his May

---

[1] As related below, Petitioner filed a prior federal habeas petition concerning the same state court judgment that he challenges in the instant Petition.  See Anderson I, Dkt. 1.  All citations to lodged documents herein refer to the documents lodged in that case.

2022 judgment in case no. FWV21003849 as the judgment being challenged).[2]  On January 26, 2024, that petition was denied without prejudice for lack of jurisdiction because Petitioner was no longer in custody for his 2022 state-court convictions. See id., Dkt. 21, 23, 24.

### 2. The Instant Petition.

On August 29, 2024, Petitioner filed the instant Petition.  (Dkt. 1.)  The Petition identifies a May 2023 conviction in San Bernardino Superior Court, case number FWV20003849, as the judgment being challenged.  (See id. at 2.)  There is, however, no such case number in the San Bernardino Superior Court associated with Petitioner.  See San Bernardino Super. Ct. Case Info., https://cap.sb-court.org/search (last visited Sept. 6, 2024).  It appears that Petitioner intended to identify his 2022 state-court judgment as the judgment he is challenging.  Indeed, with the exception of one digit, the case number he identifies in the Petition is identical to the case number for his 2022 convictions.  Compare (id. at 2 (identifying case no. FWV20003849)), with Anderson I, Dkt. 1 (identifying case no. FWV21003849); see also Anderson, 2023 WL 3878405 (California Court of Appeal identifying FWV21003849 as the case no. in Petitioner's trial).  What's more, the convictions and sentence that the Petition identifies – namely, burglary in violation of California Penal Code section 459 and a resulting sentence of two years and eight months (see Dkt. 1 at 2) – are the same that Petitioner challenged in his prior federal habeas petition concerning his 2022 state court convictions, see Anderson I, Dkt. 1 at 2.  Accordingly, the Court assumes that the Petition is challenging the same 2022 state-court judgment that Petitioner challenged in his

---

[2] Before filing that federal habeas petition, Petitioner filed another, which was summarily dismissed without prejudice as unexhausted.  See Anderson v. San Bernardino Cnty. Sheriff Dep't, No. 5:22-cv-01406-JAK-KES (C.D. Cal. filed Aug. 9, 2022), Dkt. 1, 9, 10.

prior federal habeas petition.[3]

## II.

## DISCUSSION.

### A.  Applicable Law.

Under Rule 4 of the Rules Governing § 2254 Cases, courts must summarily dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court."  "If a petition is 'facially defective,' 'a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition.'"  Neiss v. Bludworth, __ F.4th __, 2024 WL 3838427, at *5 (9th Cir. Aug. 16, 2024) (citations omitted).[4]

Subject matter jurisdiction under § 2254 is limited to those persons "in custody pursuant to the judgment of a State court."  § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219 (2011); Brock v. Weston, 31 F.3d 887, 889 (9th Cir. 1994).  Section 2254's custody requirement, however, encompasses more than just physical confinement in prison.  See Jones v. Cunningham, 371 U.S. 236, 239-40 (1963)).  For example, it includes individuals on parole or probation.  See id. at

---

[3] Petitioner may challenge this assumption in his response to this Order to Show Cause.  If he does so, however, he must provide the Court with any available documentation – including but not limited to an abstract of judgment or verdict forms – showing that he is challenging a conviction other than his May 2022 state court convictions in case number FWV21003849.

[4] In Neiss, the Ninth Circuit held the district court misapplied Rule 4 by dismissing the petitioner's cognizable ineffective-assistance claims as meritless. See 2024 WL 3838427, at *6.  As explained below, Petitioner does not appear to be in custody for his 2022 state-court conviction, and thus dismissal of the Petition would not be contingent on the merits of any of its claims.  Accordingly, dismissal under Rule 4 is potentially appropriate.  See Sterling v. Cal., No. CV 21-00504 CAS (PVC), 2021 WL 11660635, at *1-2 (C.D. Cal. Apr. 6, 2021) (dismissing petition under Rule 4 because petitioner was no longer in custody for the conviction he was challenging).

4

240-43 (parole satisfies the "in custody" requirement); <u>Chaker v. Crogan</u>, 428 F.3d 1215, 1219 (9th Cir. 2005) (probation satisfies the "in custody" requirement).

By contrast, a petitioner whose sentence has fully expired is no longer "in custody" for purposes of federal habeas review.  <u>Maleng v. Cook</u>, 490 U.S. 488, 492 (1989).  Consequently, a state prisoner cannot satisfy the custody requirement when his challenge concerns only a conviction for which the sentence has expired even when he continues to suffer collateral consequences from it.  <u>See</u> <u>Lackawanna Cnty. Dist. Att'y v. Coss</u>, 532 U.S. 394, 401 (2001) (petitioner could not "bring a federal habeas petition directed solely" at his prior convictions for which he had already served his sentence even though they were used to enhance the subsequent sentence he was serving); <u>Maleng</u>, 490 U.S. at 492 ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.").

**B.** <u>**Analysis.**</u>

Petitioner does not appear to be in custody for the state-court judgment he is challenging in the Petition.  As related above, he was released from state custody on March 20, 2023, <u>see</u> <u>Anderson I</u>, Dkt. 20-1, 20-2, and he does not allege that he was subject to any period of parole.  To be sure, as a general rule, determinate sentences in California "resulting in imprisonment in the state prison" must "include a period of parole supervision." Cal. Penal Code § 3000(a)(1).  But Petitioner was not imprisoned in state prison; instead, he was imprisoned in county jail.  <u>See</u> <u>Anderson I</u>, LD 4 at 157-58, Dkt. 13-4.  As such, there is no reason to assume that he is currently on parole with respect to his 2022 state court judgment. He has alleged no facts to suggest as much, <u>see</u> § 2242 (requiring petitioners to allege facts about their commitment or detention), nor did he in his prior federal habeas action despite having had ample opportunity to do so, <u>see</u> <u>Anderson I</u>, Dkt. 21 at 6 (noting that Petitioner had failed to "explain if and why he contend[ed] that

he was in custody . . . under the [2022 state-court convictions]" despite having "had months" to do so). Thus, as was the case in Petitioner's prior federal habeas action (see id., Dkt. 21, 23, 24), the Court appears to lack jurisdiction in this matter.

### III.

### CONCLUSION

IT IS HEREBY ORDERED that, on or before October 7, 2024, Petitioner is ordered to show cause why the Petition should not be dismissed without prejudice for lack of jurisdiction. In response to this OSC, Petitioner should do one of the following:

(1) Voluntarily dismiss the Petition without prejudice; or

(2) File a written response to this OSC explaining why or how he was "in custody" pursuant to his 2022 state court convictions when he filed the Petition.

Failure to timely respond to this OSC may result in the dismissal of this case for failure to prosecute and/or failure to comply with the Court's order. Petitioner may wish to call the pro se clinic to schedule an appointment for free legal assistance. The pro se clinic at the federal courthouse in Riverside, California, may be reached at 951-682-7968.


DATED:  September 6, 2024                    _____
                                            KAREN E. SCOTT
                                            United States Magistrate Judge